IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL LEE THORNBERRY,  No. 2:17-CV-0953-CMK-P

    Plaintiff,

  vs.  ORDER

SCOTT KERNAN, et al.,

    Defendants.

/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court are plaintiff's complaint (Doc. 1) and plaintiff's motion for injunctive relief (Doc. 2).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names as defendants Scott Kernan, J. Bal, David Baugham, Michael Felder, M. Bobbala, and C. Smith, all of whom are supervisory prison officials. Plaintiff also names James Chau, a prison primary care physician. Plaintiff claims that, prior to any examination, defendant Chau discontinued plaintiff's prescribed pain medication and instead prescribed a "replacement" which plaintiff characterizes as "substantially ineffective." Plaintiff further alleges that, nearly a month later and only after he had filed a medical grievance, he was actually examined by defendant Chau, who continued the replacement prescription. According to plaintiff, defendant Chau informed plaintiff: "I give you constitutional care. I'm not here to make you comfortable. I only have to make you functional." In plaintiff's companion motion for injunctive relief, plaintiff seeks an order enjoining discontinuation of plaintiff's originally prescribed pain medication.

/ / /
/ / /
/ / /
/ / /

## II. DISCUSSION

### A. **Plaintiff's Complaint**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.

3

See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, plaintiff alleges that defendant Chau discontinued his prescribed pain medication without any examination and instead prescribed a replacement medication. He further alleges that he was examined by defendant Chau about one month later and that, following that examination, the replacement medication was continued. To the extent plaintiff's claims relate to continuation of the replacement medication after being examined by defendant Chau, the court finds that plaintiff's claims amount to a difference in medical opinion as to the appropriate medication.

/ / /

/ / /

/ / /

4

To the extent, however, plaintiff's claims relate to the order to discontinue plaintiff's initial medication and prescribe a replacement medication <u>before</u> any examination, plaintiff may be able to state a claim but currently fails to do so. If the discontinuation of plaintiff's initial medication was the result of some kind of prison-wide policy the defendants may be liable. <u>See</u> <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Plaintiff, however, does not specifically allege the existence of such a policy. Plaintiff will be provided an opportunity to amend to clarify the nature of his claim and provide further specific factual allegations.

### B. **Plaintiff's Motion for Injunctive Relief**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. <u>See</u> <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009). Under <u>Winter</u>, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. <u>See</u> <u>Stormans</u>, 586 F.3d at 1127 (citing <u>Winter</u>, 129 S.Ct. at 374).

In this case, plaintiff cannot at this time establish that he is likely to succeed on the merits. As discussed above, plaintiff's claims are not cognizable to the extent they relate to the continuation of replacement medication after plaintiff was examined by defendant Chau. To the extent plaintiff's claims relate to the discontinuation of his initial medication before any examination, plaintiff fails to allege sufficient facts to show an actionable policy. Because plaintiff has not demonstrated that he is likely to succeed on the merits, injunctive relief is not

appropriate.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. 1) is dismissed with leave to amend;

2. Plaintiff's motion for injunctive relief (Doc. 2) is denied; and

3. Plaintiff shall file a amended complaint within 30 days of the date of service of this order.

DATED: May 24, 2017

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE