1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DANIEL LEE THORNBERRY,                    No. 2:17-CV-0953-TLN-CMK-P

12              Plaintiff,

13        vs.                                            <u>FINDINGS AND RECOMMENDATIONS</u>

14   J. BAL, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief (Doc. 10).

19

20                        **I.  PLAINTIFF'S ALLEGATIONS**

21              This action proceeds on plaintiff's first amended complaint.  Plaintiff names the

22   following as defendants: (1) James Chau; (2) C. Smith; (3) M. Bobbala; (4) Michael Felder; and

23   (5) J. Bal.  Defendants Chau and Smith are alleged to be current or former prison medical

24   professionals at Mule Creek State Prison.  Defendants Bobbala and Felder are alleged to be

25   current or former supervising prison medical professionals at California State Prison -

26   Sacramento.  Defendant Bal is alleged to be the current or former Deputy Medical Executive for

1

the California Department of Corrections and Rehabilitation.

Plaintiff claims that, prior to any examination, defendant Chau discontinued plaintiff's prescribed pain medication and instead prescribed a "replacement" which plaintiff says is not as effective in controlling his pain. Plaintiff further alleges that, nearly a month later and only after he had filed a medical grievance, he was actually examined by defendant Chau, who continued the replacement prescription. According to plaintiff, defendant Chau informed plaintiff that he could not prescribe plaintiff's prior medication "due to a new 'state-wide push' to discontinue certain non-formulary medications." Plaintiff states that, when asked whether another medication similar to his prior medication was available, defendant Chau "became hostile and verbally abusive," and told plaintiff: "I don't have to make you comfortable; I only have to make you functional. I give you constitutional care. If you can walk, that's all I'm concerned with." According to plaintiff, when he asked whether defendant Chau could review his medical records in order to determine whether other treatment options for pain are available, defendant Chau told plaintiff: "I've already read your file. You need to go now."

Plaintiff filed an inmate grievance concerning his pain medication and the matter was reviewed by a different prison doctor, defendant Smith, who continued the course of treatment prescribed by defendant Chau. According to plaintiff, defendant Smith told him that the continuation of defendant Chau's treatment plan was "centered around a so-called state-wide policy both actual and implied that seeks to 'take as many inmates off certain medications as possible and to stop prescribing them.'" Plaintiff states that, after describing his ongoing pain, defendant Smith replied: "My hands are tied." According to plaintiff, regarding the approved medications defendant Smith also said: "You know, it's tough, many of these medications interact negatively with the lithium you take." When plaintiff rejected various other options for pain medications, many of which were medications primarily intended to treat psychological symptoms, because he had been told by his treating psychiatrist to avoid such medications, defendant Smith allegedly replied: "Those are your options, take them or leave them."

Ultimately, plaintiff agreed to take Effexor for his pain even though the medication was primarily intended for treatment of depression. Plaintiff states that Effexor caused side effects which made him feel as if he had taken "pharmaceutical cocaine."

Plaintiff states that he was then transferred to California State Prison - Sacramento where he was examined by Dr. Wadell. Plaintiff's primary complaint was chronic pain. Dr. Wadell prescribed Tylenol with codeine twice per day, a back brace, and a cane. Plaintiff asked if he could be given either gabapentin or lyrica because those had been more effective in the past. According to plaintiff, Dr. Wadell stated that he would prefer treating plaintiff with gabapentin but that defendant Bobbala "denied NFRs for both gabapentin and lyrica and most all narcotics – all medications used to treat chronic pain." Plaintiff claims that Dr. Wadell also told him that this policy to deny narcotic pain medication had been promulgated by defendant Bal.

According to plaintiff, he asked defendant Felder why "CME Bobbala consistently denied all NFRs related to pain medications." Plaintiff states that Felder said "it was his understanding the head office had changed the policy related to pain medication and the criteria used in approving its use."

## II. DISCUSSION

Plaintiff seeks an order requiring defendants to provide him with his originally prescribed pain medication.

The proper test applicable to a request for injunctive relief requires a party to demonstrate all of the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns,

Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

The court finds that plaintiff has shown that he is likely to suffer irreparable harm in the absence of injunctive relief. Specifically, to the extent plaintiff's chronic pain cannot be adequately treated with non-narcotic medications, and to the extent plaintiff cannot obtain individualized medical review of his symptoms and all possible treatment options due to the implementation of a state-wide policy precluding narcotic pain medications, plaintiff's continued and inadequately treated pain constitutes irreparable harm.

The court also finds, however, that plaintiff cannot at this time establish that he is likely to succeed on the merits of his claim. While the court has determined that the amended complaint is appropriate for service on defendants, no defendant has yet responded to the complaint. Nor has any discovery been conducted or evidence presented to the court regarding the alleged state-wide anti-narcotic medication policy or defendants' implementation of such a policy. Plaintiff certainly has a possibility of succeeding on the merits of his claims, but that is not to say that he is likely to succeed.

Because plaintiff cannot at this time make each of the showings required under Winter, injunctive relief is not appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 8, 2018

<u>Craig M. Kellison</u>
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE