IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY, | No. 2:17-CV-0953-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| J. BAL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion (ECF No. 59) for reassignment of this matter to a different Magistrate Judge and plaintiff's "Objections to Orders of the Magistrate Judge" (ECF No. 67).

Plaintiff appears to seek disqualification of the undersigned. Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the

judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34.

In his motion, plaintiff asserts the matter should be reassigned to a different Magistrate Judge because various motions are pending on the court's docket and have not been resolved.[1] Because plaintiff has not pointed to any facts which show bias or prejudice for or against any party, plaintiff's motion will be denied.

In his "Objections to Orders of the Magistrate Judge," plaintiff asks the District Judge assigned to this case to presume all unresolved motions have been denied and to reverse such denial and revisit each such motion. To the extent plaintiff seeks reconsideration of rulings not yet issued, plaintiff's request will be denied as premature.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reassignment of this action to another Magistrate Judge (ECF No. 59) is denied; and

2. To the extent plaintiff's "Objections to Order of the Magistrate Judge" seek reconsideration of orders that have not been issued, plaintiff's request is denied as premature.

Dated: June 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Pending motions are addressed by separate order issued herewith.

2