IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL LEE THORNBERRY,

    Plaintiff,

  v.

J. BAL, et al.,

    Defendants.

No. 2:17-CV-0953-TLN-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are the following motions relating to discovery and scheduling:

    ECF No. 37  Plaintiff's "Motion for Service of Subpoena by US Marshal and Appointment of Officer to Conduct Deposition by Written Questions. . . ."

    ECF No. 39  Plaintiff's "Motion to Compel Defendants to Produce Discovery Previously Requested."

    ECF No. 41  Plaintiff's "Motion for Appointment of Court Officer to Take Testimony on Deposition of Debbie McKinney, M.D."

    ECF No. 42  Plaintiff's "Motion for Order Requiring Service by the U.S. Marshal."

    ECF No. 43  Plaintiff's "Motion for Order Directing Service of the Attached Deposition by Written Questions of Harold D. Segal by the US Marshal."

| | | |
|---|---|---|
| ECF No. 44 | Plaintiff's "Motion for Appointment of Court Office to Take Testimony on Deposition of Harold Segal, MD. . . ." |
| ECF No. 46 | Plaintiff's "Motion to Compel Discovery. . . ." |
| ECF No. 47 | Plaintiff's "Motion to Compel Defendants to Comply with Discovery. . . ." |
| ECF No. 48 | Plaintiff's "Motion to Compel Discovery. . . ." |
| ECF No. 49 | Plaintiff's "Motion to Compel Discovery. . . ." |
| ECF No. 51 | Defendants' request to modify the scheduling order. |
| ECF No. 60 | Plaintiff's "Motion to Extend Time to File the Motion for Summary Judgment." |
| ECF No. 62 | Plaintiff's "Motion for Final Ruling on Discovery and Plaintiff's Motion to Compel. . . ." |
| ECF No. 65 | Defendants' request for an extension of time. |

The court does not herein address the merits of plaintiff's motion for summary judgment (ECF No. 63). Plaintiff's motion for injunctive relief (ECF No. 64) is addressed by separate findings and recommendations. Plaintiff's "Motion for Reassignment of the Magistrate Judge" (ECF No. 59) is addressed by separate order.

## I. PROCEDURAL HISTORY

This action proceeds on plaintiff's first amended complaint. See ECF No. 9. The court determined service was appropriate for defendants, see ECF No. 14, and defendants have filed an answer, see ECF No. 23. On July 11, 2018, the court issued a scheduling order for this case. See ECF No. 25. Pursuant to that order, discovery closed on January 21, 2019, and dispositive pre-trial motions were due to be filed within 90 days thereafter. See id.

///
///
///
///
///
///

2

## II. DISCUSSION

**A.** **<u>Plaintiff's Motions</u>**

As listed above, plaintiff has filed a number of motions relating to discovery and scheduling. These motions fall into three categories: (1) motions relating to obtaining discovery by subpoena and deposition; (2) motions relating to compelling discovery from defendants; and (3) motion related to scheduling.

    1.    <u>Motions Related to Obtaining Discovery</u>

In the following motions, plaintiff seeks orders relating to obtaining discovery, either by way of subpoena or deposition:

| | |
|---|---|
| ECF No. 37 | Plaintiff's "Motion for Service of Subpoena by US Marshal and Appointment of Officer to Conduct Deposition by Written Questions. . . ." |
| ECF No. 41 | Plaintiff's "Motion for Appointment of Court Officer to Take Testimony on Deposition of Debbie McKinney, M.D." |
| ECF No. 42 | Plaintiff's "Motion for Order Requiring Service by the U.S. Marshal." |
| ECF No. 43 | Plaintiff's "Motion for Order Directing Service of the Attached Deposition by Written Questions of Harold D. Segal by the US Marshal." |
| ECF No. 44 | Plaintiff's "Motion for Appointment of Court Office to Take Testimony on Deposition of Harold Segal, MD. . . ." |

These motions will all be denied as defective for the same reason. Under Eastern District of California Local Rule 135(c), all motions filed on paper must be accompanied by a proof of service on opposing parties or counsel. Such proof of service shall be made under penalty of perjury and must include the date, manner, and place of service. <u>See id.</u> None of the motions listed immediately above – all of which were filed after the appearance of counsel on defendants' behalf – contains the required proof of service on defendants' counsel. As ordered below, plaintiff will be provided an opportunity to seek the relief requested by way of properly served motions.

///

///

3

2. <u>Motions Related to Compelling Discovery</u>

In the following motions, plaintiff seeks orders compelling discovery from defendants:

ECF No. 39    Plaintiff's "Motion to Compel Defendants to Produce Discovery Previously Requested."

ECF No. 46    Plaintiff's "Motion to Compel Discovery. . . ."

ECF No. 47    Plaintiff's "Motion to Compel Defendants to Comply with Discovery. . . ."

ECF No. 48    Plaintiff's "Motion to Compel Discovery. . . ."

ECF No. 49    Plaintiff's "Motion to Compel Discovery. . . ."

ECF No. 62    Plaintiff's "Motion for Final Ruling on Discovery and Plaintiff's Motion to Compel. . . ."

These motions will also all be denied as defective and for the same reason. Under Local Rule 251(d), when, as here, a joint statement is not available due to an alleged inability to meet and confer, the moving party must, at a minimum, inform the court of the "issues to be determined. . . ." This is instructed by Local Rule 251(c), which requires the parties to set forth their contentions concerning "[e]ach interrogatory, deposition question, or other item objected to. . . ." In the case of each of the motions listed immediately above, plaintiff has not set forth specific arguments with respect to each disputed item of discovery.

3. <u>Motion Related to Scheduling</u>

In his filing at ECF No. 60, plaintiff seeks an extension of the dispositive motion filing deadline established in the Court's July 11, 2018, scheduling order. In the interest of justice and for the good of the record, the court will permit the parties additional time to conduct discovery. To the extent plaintiff seeks to obtain or compel discovery, the Court expects compliance with the applicable Federal Rules of Civil Procedure and local rules of Court, particularly those discussed above and with which plaintiff failed to comply during the initial phase of discovery in this litigation.

/ / /

/ / /

/ / /

**B.     Defendants' Motions**

Defendants' motions (ECF Nos. 51 and 65) both relate to modification of the schedule for this matter.  Good cause appearing therefor, defendants' motions will be granted and this matter will be rescheduled.

### III.  CONCLUSION AND ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1.     The parties' motions relating to scheduling of this matter (ECF Nos. 51, 60, and 65) are granted and this case is rescheduled as outlined below;

2.     Plaintiff's motions related to obtaining discovery (ECF Nos. 37, 41, 42, 43, and 44) are denied as procedurally defective;

3.     Plaintiff's motions related to compelling discovery (ECF Nos. 39, 46, 47, 48, 49, and 62) are denied as procedurally defective;

4.     The court's July 11, 2018, scheduling order is modified to reflect discovery is re-opened for a period of 120 days commencing the date of this order; and

5.     Upon the conclusion of this 120-day period, the court will set a new dispositive motions filing deadline.[1]

Dated:  June 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1]     The court notes plaintiff has filed a motion for summary judgment (ECF No. 63). Given the re-opening of discovery ordered herein, the court will, at a later date, provide plaintiff an opportunity to file an amended motion for summary judgment.

5