IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BAL, et al.,<br><br>　　　　　Defendants. | No. 2:17-CV-0953-TLN-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are two motions to compel, both initiated by plaintiff. See ECF Nos. 78 and 84. Defendants have filed responses to both motions. See ECF Nos. 85 and 90.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I. SUMMARY OF DISCOVERY IN DISPUTE

In his motions, plaintiff challenges defendants' responses to certain requests for production, sets one and two. Plaintiff also references defendants' failure to respond to interrogatories and requests for admissions.

## A. Requests for Production of Documents

Plaintiff states that he served his "first request for production of documents to counsel for the defendants" on July 19, 2018. See ECF No. 78, pg. 2. Plaintiff states that he received defendants' responses to his requests for production, set one, on September 5, 2018. See id. According to plaintiff, the "documents in dispute" concern his request for production, set one, request no. 3. See id. As to his second set of requests for production, plaintiff states that the dispute concerns request nos. 1 and 3. See id. at 3.

## B. Interrogatories and Requests for Admissions

Regarding interrogatories, plaintiff states:

> Returning again to this issue of the failure of defendant's [sic] to provide responses or answers to plaintiff's first set of interrogatories, on July 24, 2018, plaintiff submitted his first set of interrogatories to defendants James Chau and Christopher Smith. . . .
> On October 1, 2018, plaintiff submitted his first set of Interrogatories to defendant Bal along with a request for admissions to defendant Chau. Both requests went and remain unanswered as well. . . .

Id. at 5.

It should be noted that the above statement is plaintiff's first and only reference to unanswered requests for admissions.

As to interrogatories and requests for admissions referenced in plaintiff's motions, defendants acknowledge those outstanding discovery requests, admit that they failed to respond, and seek leave to serve late responses due to excusable neglect and lack of prejudice to plaintiff. See ECF No. 85, pgs.6-7.

///
///
///
///

## II. DISCUSSION

The Court here separately addresses (1) plaintiff's motions to compel concern disputes regarding defendants' responses to requests for production, set one, request no. 3, and requests for production, set two, request nos. 1 and 3 and (2) defendants' failure to response to interrogatories and requests for admissions.

**A.** **Requests for Production of Documents**

The disputed requests for production and responses thereto are as follows:

Request for Production, Set One

REQUEST NO. 3: A statistical summary of all non-formulary medication request made by all primary care providers subordinate to Defendant Bobbala while the defendant acted in his capacity of Chief Medical Executive in any correctional facility subordinate to the secretary of the California Department of Corrections and Rehabilitation and/or the Director of the California Correctional Health Care Services for the five years preceding the filing of the instant complaint.

RESPONSE: Defendants object to this request on the grounds that it is overly broad as to time and specific medication, overly burdensome as Defendant Bobbala has worked at several institutions and with multiple physicians at each institution and the records for each would have to be searched for the time frame Dr. Bobbala was there, and the request seeks information that is not relevant to the claims or defenses of this matter. Without waiving said objections, there are no documents responsive to this request, and gathering the compiled raw data with the number of non-formulary prescriptions during the requested time period would be overly burdensome and contain privileged healthcare information concerning other inmates.

ECF No. 78, pgs. 12-13 (Exhibit A to plaintiff's motion).

Request for Production, Set Two

REQUEST NO. 1: The names of all voting members of the systemwide pharmacy and therapeudics [sic] committee. These names go to discovery and proof if the existence of unwritten rules, mandates, and directives with respect for the medication formulary and the nonformulary approved process. This also stands to establish the relative culpability of each defendant and the degree of involvement in the actions giving rise to the complaint.

RESPONSE: Defendants object to this request on the ground that it does not seek an identifiable document, but rather, seeks the names of persons who serve on a committee, is vague as to time, and overly broad as the members of the committee can change. Without waiving said objections, there are no documents responsive to this request, and Defendants are not required to create a document for Plaintiff in response to this request. However, Defendants are providing the CCHCS

> Systemwide Pharmacy and Therapeutics Committee Procedures as Attachment 1.
>
> REQUEST NO. 3: A statistical summary of all nonformulary medication requests <u>denied</u> by defendant Bobbala for the 3 years previous to the fling of the complaint. [¶] This request is not overly broad in that it requests only denials of nonformulary requests and it concerns only actions taken by defendant Bobbala. This supplemental request is amended to shorten the time covered in the requested statistical summary for the convenience of counsel for Defendants.
>
> RESPONSE: Defendants object to this request on the grounds that it is overly broad as to time and specific medication, overly burdensome as Defendant Bobbala has worked at several institutions and with multiple physicians at each institution and the records for each would have to be searched for the time frame Dr. Bobbala was there, and the request seeks information that is not relevant to the claims or defenses of this matter. Without waiving said objections, there are no documents responsive to this request, and gathering the complied raw data with the number of non-formulary prescriptions during the requested time period would be overly burdensome and contain privileged healthcare information concerning other inmates.

ECF No. 78, pgs. 17-19 (Exhibit B to plaintiff's motion).

As to each of the disputed requests for production, the court finds defendants' objections are well-taken. In particular, each asks defendants to create a document that does not exist in the normal course of record-keeping, specifically a "statistical summary" and a list of names. Defendants are not required to do so. See <u>Ahad v. Bd. of Trs. of S. Ill. Univ.</u>, 2018 U.S. Dist. LEXIS 11248 (S.D. Ill., Jan. 24, 2018). Moreover, as defendants note, plaintiff's request for a list of names is more appropriately made in the context of interrogatories.

**B.**     **<u>Interrogatories and Requests for Admissions</u>**

Defendants admit failing to respond to plaintiff's interrogatories and requests for admissions. Defendants cite excusable neglect and seek leave to file late responses. According to defendants:

> Plaintiff alleges that he propounded Requests for Interrogatories for Defendants, and provides proofs of service. Plaintiff also alleges that he propounded Requests for Admissions to each of the Defendants, but he does not provide proofs of service. After receiving this motion, as well as Plaintiff's other motions to compel discovery responses, counsel for Defendants searched the file and could not find the requests. (Defendants' Exhibit A, declaration of K. Hammond.) Apparently, they were mixed in with other documents. A second search by counsel's supervisor was conducted, and the requests were found, including Plaintiff's requests for

4

> admissions.
> 	The failure to respond to Plaintiff's requests for interrogatories and admissions was due to inadvertent error. The documents were mixed in with documents that would not be responded to, such as five copies of a subpoena for Debbie McKinney, deposition questions for Debbie McKinney, a motion for the U.S. Marshall to serve Debbie McKinney, and a motion for deposition of Dr. Segal with attached medical records. In going back to review the documents, there is no proof of service for the Request for Admissions.
> 	It also appears that Plaintiff's Requests for Interrogatories were served concurrently with his motions for the appointment of counsel and a psychiatric expert. Although those requests have a proof of service attached, they were also overlooked by counsel.
> 	All of the discovery requests were served within days of each other; however, the Request for Production of Documents was served separately from other documents that is why counsel worked to prepare responses and to provide the requested documents, where available.
> 	The great majority of practitioners seem able to maintain their litigation calendars without missing important dates, but on occasion—for whatever reason—even the most conscientious attorney will, at some point, miss a date set by the court or by opposing counsel. Failures of this nature are never to be excused by a mere shrug of the shoulders. *FDIC v. Jackson-Shaw Partners, Ltd.*, 850 F.Supp. 839, 842 (N.D. Cal. 1994). However, in cases where a deadline is missed by simple inadvertence, or by a good faith misunderstanding, courts appear to be willing to grant counsel leave to complete the required duty in a timely manner----especially where there can be no real prejudice to the opposing party. *Id., see also, Greenberg v. U.S. Treasury*, 10 F.Supp. 2nd, 3, 10 (D.D.C. 1998).
> 	This should be one of those cases. Counsel's failure to file responses to Plaintiff's Requests for Admissions and Interrogatories was not attributable in any sense to negligence, bad faith, or a lack of due diligence. It was due to a failure to find the discovery requests because they were mixed in with other documents. If the court overlooks this error and grants Defendants leave to file a late responses, Plaintiff will not suffer any real prejudice because he will still have an opportunity to move for summary judgment. Accordingly, Defendants request leave to serve late responses to Plaintiff's outstanding discovery requests.

ECF No. 85, pgs. 6-7.

Plaintiff has not filed a reply.

Defendants' position regarding interrogatories and requests for admissions is supported by the declaration of defendants' counsel, Kelli M. Hamond, Esq. See ECF No. 85, pgs. 10-11 (Exhibit A to defendants' response). Ms. Hammond declares that plaintiff's interrogatories and requests for admissions were served with a packet of other discovery materials and she "inadvertently failed to find these discovery requests, and they went unanswered." Id. at 11. According to Ms. Hammond, "a subsequent search was conducted by my supervisor, who found the discovery requests." Id. As of the date of her declaration – November 5, 2019 – Ms.

5

Hammond states that responses to plaintiff's interrogatories and requests for admissions would be served within the next two weeks. See id.

The court is satisfied that defendants' failure to respond to plaintiff's interrogatories and requests for admissions was due to excusable neglect. The court will direct defendants to serve responses within seven days of the date of this order if they have not already done so, such responses to be deemed timely if provided by this deadline.

On June 5, 2019, the court ordered discovery re-opened and extended for an additional 120 days from the date of the order. See ECF No. 69. Pursuant to that order, discovery has now closed. Given defendants' inadvertent failure to initially respond to plaintiff's interrogatories and requests for admissions, the court will sua sponte re-open and further extend the deadline for completion of discovery in this action set in the court's June 5, 2019, order.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 78 and 84) are denied in part and granted in part;

2. Plaintiff's motions are denied as to defendants' responses to plaintiff's requests for production, set one, request no. 3, and requests for production, set two, request nos. 1 and 3 as the requests at issue seek creation of new documents defendants are not obligated to create;

3. Plaintiff's motions are granted as to defendants' failure to respond to plaintiff's interrogatories and requests for admissions; to the extent defendants have served responses to plaintiff's interrogatories and requests for admissions, such responses are deemed timely; to the extent defendants have not served responses to plaintiff's interrogatories and requests for admissions, they shall do so within seven days of the date of this order, such responses to be deemed timely if served by this deadline;

///

///

4. Discovery is re-opened for a period of 60 days commencing the date of this order;

5. All requests for discovery shall be served by this new cut-off date, and any motions necessary to compel further discovery responses shall be filed within 60 days of this new cut-off date; and

6. Dispositive motions shall be filed by July 27, 2020.

Dated: February 13, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE