UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>  Plaintiff,<br><br>  v.<br><br>J. BAL, et al.,<br><br>  Defendants. | No. 2:17-cv-00953-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants J. Bal, M. Bobbala, James Chau, Michael Felder, and C. Smith's ("Defendants") Bill of Costs. (ECF No. 125.) Plaintiff Daniel Lee Thornberry ("Plaintiff") has filed an opposition. (ECF No. 126.)

On March 16, 2021, the magistrate judge issued findings and recommendations herein recommending granting Defendants' Motion for Summary Judgment (ECF No. 111) and denying Plaintiff's Motion for Summary Judgment as moot (ECF No. 104). On May 21, 2021, this Court adopted the findings and recommendations and entered judgment closing the case. (ECF Nos. 123, 124.) Defendants subsequently filed a Bill of Costs, which included fees of $828.30 for printed or electronically recorded transcripts necessarily obtained for use in the case. (ECF No. 125.) On June 14, 2021, Plaintiff filed an opposition. (ECF No. 126.) In his opposition, Plaintiff asks the Court to deny Defendants' legal fees based on Plaintiff's indigent status. (*Id.*) Plaintiff supports his request by stating he is indigent and unable to pay, and the purpose of Defendants'

1    request is retaliatory and discouraging to future litigants. (*Id.*)

2    Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 292 govern costs to the prevailing party. Fed. R. Civ. P. 54(d)(1); *see also* E.D. Cal. L. R. 292. A prevailing party is one that has obtained some relief on the merits of the claims. *Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 660 (E.D. Cal. 2009). Generally, the prevailing party is entitled to recover costs even in the case of indigent prisoner litigants who have been granted leave to proceed in forma pauperis. *Id.* at 661 (finding that Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party). However, in a civil rights action, the court may consider a plaintiff's limited resources as an appropriate reason to deny costs. *Id.* at 661. Consequently, an indigent plaintiff can overcome Rule 54's presumption by showing a reason to deny costs. *Id.*

Here, Plaintiff is an indigent prisoner who proceeded in forma pauperis. (ECF No. 6.) Plaintiff is the losing party in his case but has limited financial resources. (ECF No. 126.) Imposing legal costs on indigent prisoners who do not have the means to pay may chill future civil rights litigants from pursuing justice. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999). The Ninth Circuit has approved the following as appropriate reasons for denying costs: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . . high costs on future civil rights litigants." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *see also Ofeldt v. Nevada*, No. 3:10-CV-00420-LRH, 2010 WL 4607016, at *2 (D. Nev. Nov. 5, 2010) ("The court takes judicial notice of plaintiff's limited resources as demonstrated in his application to proceed in forma pauperis . . . and based on such limited resources, combined with the possibility that the imposition of the award would have a chilling effect on civil rights litigants, an award of costs against plaintiff would be inequitable.").

The Court finds Plaintiff would be financially harmed if forced to pay these costs. Moreover, the imposition of these fees on a Plaintiff proceeding in forma pauperis in a civil rights case could have a chilling effect on future litigants.

For the aforementioned reasons, the Court hereby SUSTAINS Plaintiff's Objection to Defendant's Bill of Costs (ECF No. 126) and DENIES Defendants' Bill of Costs in total (ECF

No. 125).

IT IS SO ORDERED.

Date: October 7, 2021

Troy L. Nunley
United States District Judge